[No. 31280. Department Two. July 6, 1950]

JEANNE E. TROWBRIDGE, *Respondent,* v. NEAL CLARK *et al., Appellants.*[1]

*Andrew L. Ulvestad* and *Neal Clark,* for appellant.

*Wright & Wright,* for respondent.

HILL, J.—Despite citations of authority and of constitutional provisions, it is impossible to make anything out of this case except a dispute between a lawyer and his stenographer over what her rate of pay was to be and how many hours she worked for him, from June 1, 1948, to December 1, 1948.

Respondent complains, with justification, that the errors assigned are too general, and that Rule of Supreme Court 16 (4), 18 Wn. (2d) 18-a, relative to the statement of questions involved in an appeal, is violated. The requirements of that rule that "The questions and answers in their en-

tirety should not ordinarily exceed one page and must never exceed two pages," is more honored in the breach than in the observance. Usually, as here, questions are so framed that only one answer is possible, and ordinarily the questions are predicated upon the existence of a state of facts entirely favorable to the party framing the questions. This rule has therefore not been as helpful to the court as it was hoped it would be. Although the appellant has violated the letter and the intent of the rule by his four pages of questions, his offense is by no means exceptional and we will not, as requested by the respondent, decline to consider the question properly before us.

As heretofore indicated, only two questions were presented to the trial court: What was the stenographer's rate of pay? and, How many hours did she work? Only one question is before this court: Was there credible evidence to sustain the findings of the trial court?

We see no good purpose to be served by a recapitulation of their respective versions as to the rate of compensation and hours worked. In the final analysis, it became a question of whether the trial judge believed the lawyer or the stenographer. The trial judge accepted the lawyer's version as to the rate of pay and the stenographer's version as to the hours worked, which resulted in a finding that she was entitled to $621, which was $56 more than she sued for. She waived any right to the excess over the amount sued for, *i.e.*, $565.

From the printed record, the lawyer's version of the agreement seems more reasonable than the stenographer's. She admitted having committed perjury when testifying in connection with a request for more support money for her children, in that she had said she was working only part time when she was in fact working full time. Her justification was twofold: first, that, "After all, that was a divorce case and this is a suit for wages"; and, second, that she had testified as directed by the lawyer. (He denied the charge of subornation of perjury.)

The trial court had the advantage of hearing and observing the witnesses, and we cannot say that the evidence

preponderates against his findings except as to one item: It seems to be conceded that the stenographer was not in the lawyer's office between July 22nd and August 1st, inclusive, a matter of seven working days for which the lawyer was charged $49. This she testified was a vacation period, but there is no evidence to justify a finding that the lawyer agreed to pay one dollar an hour for that period. This would reduce the balance due her by $49, or from $621 to $572, which is still in excess of the amount sued for and the amount of the judgment.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.

August 22, 1950. Petition for rehearing denied.